| | |
|---|---|
| 1  Edward S. Zusman (SBN 154366)<br>   Kevin K. Eng (SBN 209036)<br>2  MARKUN ZUSMAN & COMPTON, LLP<br>   465 California Street, Suite 500<br>3  San Francisco, CA 94104<br>   Telephone: (415) 438-4515<br>4  Facsimile: (415) 434-4505 | **FILED**<br><br>JUN X 6 2006<br><br>RICHARD W. WIEKING<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |

5  Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANT CHUN-HOON and CARLO GUGLIELMINO,<br><br>            Plaintiffs,<br><br>v.<br><br>MCKEE FOODS CORPORATION, a Tennessee corporation; and DOES 1 though 100, inclusive,<br><br>            Defendants. | Case No. C05-00620 VRW<br><br>[PROPOSED] ORDER PROVISIONALLY CERTIFYING A DAMAGES CLASS UNDER RULE 23(b)(3) |

This matter came before the Court for hearing on April 13, 2006, upon Plaintiffs' Motion for Class Certification, the evidence submitted by the parties with respect thereto, and the briefs and argument of counsel. A transcript of the hearing has been prepared and is incorporated herein by reference. For the reasons stated during the hearing, the Court makes the following provisional determination:

Federal Rule of Civil Procedure 23(a) sets forth the prelimary requirements for certifying a class action: (1) the class must be so numerous that joinder of all members is impractical; (2) there must be questions of law or fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; and (4) the representative parties must be able fairly and adequately to protect the interests of the class.

1

1   In addition to satisfying the Rule 23(a) prerequisites, the class must also satisfy one of the
2   three alternatives listed under Rule 23(b). In this case, Plaintiffs seek to proceed under Rule
3   23(b)(1), (b)(2), and (b)(3).

4   Plaintiffs, of course, bear the burden of demonstrating that they have satisfied all four
5   23(a) elements and at least one of the 23(b) alternatives. Failure to carry the burden on any Rule
6   23 requirement precludes certification of a class.

7   In determining the propriety of a class action, the question is not whether the plaintiff or
8   plaintiffs have stated a cause of action or will prevail on the merits. Rather, the question is
9   whether the requirements of Rule 23 are met. The Court is at liberty to consider evidence which
10  goes to the requirements of Rule 23, even though the evidence may also relate to the underlying
11  merits of the case.

12  Plaintiffs assert that they meet all of the requirements of Rule 23(a). Defendant McKee
13  Foods Corporation ("McKee") contends that Plaintiffs have met none of these four requirements.

14  Taking each of the Rule 23(a) factors in turn, the Court concludes first that the proposed
15  class, which includes approximately 200 members, is sufficiently large to satisfy the numerosity
16  requirement of Rule 23(a)(1).

17  Second, the Court concludes that the commonalty requirement is met to satisfy Rule
18  23(a)(2). The existence of shared legal issues with divergent factual allegations is sufficient, as is
19  a common core of salient facts coupled with disparate legal remedies within the class. Here, the
20  Plaintiffs allege that all class members were employees of McKee and were improperly denied
21  overtime compensation because McKee misclassified the class members as independent
22  contractors in violation of the California Labor Code. Accordingly, all class members' claims
23  share these common questions of law and fact.

24  Third, the Court must examine whether Plaintiffs have satisfied the typicality requirement
25  of Rule 23(a)(3). Plaintiffs contend that their injuries arise from the same course of conduct that
26  would affect other distributors and that their claims turn on similar legal arguments.

27  This issue is whether McKee improperly classified its distributors as independent
28  contractors. McKee counters that the named Plaintiffs are former distributors who seek to

represent a class including current distributors, and that Plaintiffs have not proffered a single declaration from any current or former distributor who also seeks to challenge McKee's treatment of distributors as independent contractors.

In the Court's view, the fact that the named Plaintiffs are former, rather that present or current distributors, is not sufficient for the Court to conclude that the named Plaintiffs' claims are not typical of the claims that have been made for money damages by both current and former distributors. It may well be that former distributors are inadequate class representatives with respect to injunctive and declaratory relief claims. But the interest of former and current distributors in a damages recovery for past violations would be the same.

Hence, the Court concludes that the typicality requirement of Rule 23(a)(3) has been satisfied. This conclusion also satisfies the fourth Rule 23(a) factor: adequacy of the named representatives to represent the class.

Accordingly, the Court concludes that the four requirements of Rule 23(a) have been satisfied and turns to the Rule 23(b) criteria.

Plaintiffs seek to proceed under all three of the Rule 23(b) subparts. But first the Court turns to Rule 23(b)(3), which authorizes the Court to certify a class action if questions of fact or law common to the members of the class predominate over questions affecting only individual members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

To satisfy the predominance requirement, the Plaintiffs must provide sufficient evidence to demonstrate that common questions will predominate over individual questions in determining whether McKee has misclassified its distributors as independent contractors. In short, Plaintiffs must satisfy the Court that there is sufficient evidence to demonstrate that the distributors share relevant common characteristics regarding their employment status so that these common characteristics predominate over individual characteristics.

Under California law, the principal test of an employment relationship is whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired. That is, of course, the test of the *Borello* case.

1    Courts have recognized several indicia of the nature of a service relationship, including
2 whether an employer has the right to discharge at will without cause. There are a number of
3 secondary factors. The Court will not go into those in detail. Suffice it to say that they are set
4 forth in the *Borello* case and in other cases of the California courts. But, generally, the individual
5 factors cannot be applied mechanically as separate tests. They are intertwined, and their weight
6 depends often on particular combinations.

7    Considering the factors specified in *Borello*, and in the other cases interpreting California
8 law, while remaining mindful that the Court's task is not to evaluate the merits of Plaintiffs'
9 claims at this stage, the Court concludes that Plaintiffs have demonstrated that common questions
10 predominate in this case.

11    Plaintiffs have supplied sufficient evidence to demonstrate the predominance of relevant
12 common characteristics among class members. For example, Plaintiffs have provided evidence
13 indicating that all putative class members sign the same distribution agreements under which
14 Plaintiffs now sue.

15    Plaintiffs have produced evidence that distributors received a booklet entitled "Doing
16 Business with McKee" which provides distributors with information on various aspects of their
17 dealings with McKee Foods. This 35-page booklet provides detailed guidance regarding receipt
18 of deliveries, distributors' relationships with independent distributor warehouses, warehouse
19 location considerations, distributor payment procedures and a complaint response plan.

20    Plaintiffs have also produced a booklet entitled "Marketing Suggestions" that
21 distributors also allegedly received and that suggests various marketing strategies to distributors.

22    McKee contends that the suggestions of these booklets do not rise to the level of
23 supervision. Although McKee may well be found ultimately to be correct on this argument, this
24 argument is not relevant at the class certification stage. The very fact that distributors
25 apparently received these booklets arguably constitutes a type of supervision or control over
26 Plaintiffs that is sufficient to show that common issues exist among class members regarding the
27 level of training that they received.

28    Under Rule 23(b)(3), the Court must also evaluate whether a class action is superior to

1  other means of adjudication and does so by examining four factors: the interest of each class
2  member in individually controlling the prosecution or defense of separate actions; the extent and
3  nature of any litigation concerning the controversy already commenced by or against the class;
4  the desirability of concentrating the litigation of the claims in a particular forum; and the
5  difficulties likely to be encountered in management of a class action.

6  Relevant to examination of these factors is a comparative evaluation of alternative
7  methods of resolving the dispute. In this case, McKee has produced the declarations from some
8  39 current distributors who apparently challenge proceeding with the class claims at bar. In this
9  connection, the Court notes that 39 out of a class of 200 is not itself large enough to jeopardize
10  the superiority of proceeding with a class action in this case. Consequently, the fact that there
11  may be a certain number of individuals who do not wish to proceed with this class action is not
12  sufficient to demonstrate that proceeding with a class action in this case is not superior to other
13  means of adjudication.

14  The other superiority factors would not also appear to pose an obstacle to proceeding with
15  a Rule 23(b)(3) class action. Management of an action of the size of the present class would not
16  appear to be impractical, or even particularly difficult. There would be no particular notice
17  problems here. The individuals who are class members presumably can be identified from
18  current records of the parties, and so there would not appear to be any management issues
19  peculiar to this case that would preclude proceeding with a damages class under Rule 23(b)(3).

20  By contrast, however, the situation is different when it comes to certifying a class under
21  Federal Rule of Civil Procedure 23(b)(1) and (b)(2). Here, there does appear to be a conflict
22  between the interests of the class representatives and the class that has been asserted.

23  The class representatives are former distributors of McKee, whereas the class embraces
24  both former and current distributors. That poses a problem, because the former distributors do
25  not have the same interests with respect to a continuing relationship with McKee that some
26  members of the class would have.

27  Consequently, because of this conflict or at least tension between the interests of the class
28  representatives and substantial segments of the class, it would not be appropriate provisionally to

1 | certify a class under Rule 23(b)(1) or 23(b)(2).

2 |     Accordingly, the Court provisionally certifies Plaintiffs' proposed class of all residents of
3 | California who entered into Distributorship Agreements with McKee subsequent to December 31,
4 | 2000. The class is provisionally certified under Fed. R. Civ. P. 23(b)(3) for purposes of the
5 | claims for damages asserted in the Complaint and not pursuant to Fed. R. Civ. P. 23(b)(1) or (2)
6 | for any of the other relief sought in the Complaint.

7 |     IT IS SO ORDERED.

9 | Dated: 06 JUN 2006, 2006

Vaughn R. Walker
United States District Judge