United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12      IN THE UNITED STATES DISTRICT COURT
13          FOR THE NORTHERN DISTRICT OF CALIFORNIA
14
15  BRIANT CHUN-HOON and CARLO            C 05-0620 VRW
    GUGLIELMINO,
16                                         ORDER
            Plaintiffs,
                                          Class Action
17       v

18  MCKEE FOODS CORPORATION, a
    Tennessee corporation; and DOES 1
19  through 100, inclusive,

20          Defendants.

21  _____

22  This Document Relates to: All
    Actions
23
    _____/
24

25

26          This is a proposed class action against McKee Foods

27  Corporation ("McKee") for violation of the overtime requirements of

28  the labor code of California, fraud, negligent misrepresentation,

breach of contract, unfair and fraudulent business practices and declaratory relief.  Doc # 1.  Pursuant to FRCP 23(e), plaintiffs Briant Chun-Hoon and Carlo Guglielmino and defendant McKee (collectively the "parties") seek approval of a settlement and notice to the purported class.  Doc # 93.

McKee manufactures Little Debbie Snack Cakes and Sunbelt snacks and cereals.  McKee sells its products to independent distributors, who then resell the products to supermarkets, mass merchandisers and other retail outlets.  Id.

Plaintiffs, who were distributors of McKee products in the San Francisco Bay area, filed this case on behalf of themselves and a putative class of distributors.  Plaintiffs' claims are based on the proposition that they were not treated as independent contractors and that the court therefore should disregard the terms of written distributorship agreements they signed with McKee. McKee contends, among other things, that the evidence shows that class members operated independent businesses.  Id.

On June 6, 2006, the court entered an order provisionally certifying a damages class under Federal Rule of Civil Procedure 23(b)(3).  Doc # 59.  The provisionally-certified class consists of all distributors of McKee products in California who signed written distributorship agreements with McKee after December 31, 2000.  Doc # 93.

After unsuccessful settlement discussions, the parties engaged former United States District Judge Eugene F Lynch to mediate the case.  On January 7, 2009, Judge Lynch conducted a full-day mediation with the parties and their counsel.  During the mediation, the parties met together and separately with Judge Lynch

2

and proposed settlement terms.  This proposed settlement agreement is the result of that mediation session.  Id.

I

Federal Rule of Civil Procedure 23(e) requires court approval for the settlement of any class action.  In order to be approved, a settlement must be "fundamentally fair, adequate and reasonable."  Torrisi v Tucson Elec Power Co, 8 F3d 1370, 1375 (9th Cir 1993), quoting Class Plaintiffs v Seattle, 955 F2d 1268, 1276 (9th Cir 1992).

Class action settlement approval that takes place prior to the class certification stage requires "a higher standard of fairness."  Hanlon v Chrysler Corp, 150 F3d 1011, 1026 (9th Cir 1998).  The judge must conduct a "more probing inquiry" in order to protect the plaintiff class because there is a danger of collusion between class counsel and the defendant.  Id.  As Judge Friendly explained in the stockholder derivative class action context, "[o]nce a settlement is agreed, the attorneys for the plaintiff stockholders link arms with their former adversaries to defend joint handiwork."  Alleghany Corp v Kirby, 333 F.2d 327, 347 (2d Cir 1964) (Friendly dissenting).  Nevertheless, because a settlement seeks to avoid trial and wasteful litigation, "the court must not turn the settlement hearing 'into a trial or rehearsal of the trial.'"  Saylor v Lindsley, 456 F2d 896, 904 (2d Cir 1972).

The question currently before the court is whether this settlement should be preliminarily approved.  "[The] preliminary determination establishes an initial presumption of fairness * * *."  In re General Motors Corp, 55 F3d 768, 784 (3d Cir 1995).  As

**United States District Court**
For the Northern District of California

noted in the Manual for Complex Litigation, Second, "[i]f the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing * * *." Manual for Complex Litigation, Second § 30.44 (1985).  In addition, "[t]he court may find that the settlement proposal contains some merit, is within the range of reasonableness required for a settlement offer, or is presumptively valid." Schwartz v Dallas Cowboys Football Club, Ltd, 157 F Supp 2d 561, 570 n12 (ED Pa 2001) (quoting Newberg on Class Actions § 11.25 (1992)).  In other words, preliminary approval of a settlement has both a procedural and a substantive component.

                                    II

        The court is not convinced entirely that the settlement confers a benefit to the class.  The settlement provides current distributors with case cost credits of $250, which distributors may use for the purpose of promoting sales of Little Debbie and Sunbelt products.  Additionally, current distributors will have an opportunity to attend a marketing seminar, during which McKee representatives will reemphasize the rights and freedoms that distributors have and provide business models and practices that other distributors have used to increase their sales.  It is not clear that case cost credits confer any real benefit to the class.  In fact, the type and nature of the credits seem to benefit the

                                     4

**United States District Court**

For the Northern District of California

manufacturer of Little Debbie and Sunbelt products just as much if not more than the distributors.  The marketing seminars, on the other hand, may be of the type to confer benefits to the class — at least with respect to educating distributors on how to increase their sales.  However, the court will take into consideration any objections that challenge the benefit of the seminars in its final settlement determination.

The settlement provides two options for former distributors.  Under option one, a former distributor may attend marketing seminars of the type described above.  Additionally, former distributors who voluntarily terminated their distributorship agreements with McKee in good standing may be considered for reappointment as independent distributors in any territories that are open and available. As noted above, the court is concerned that the seminars do not convey a benefit to the class.  Further, the court is not aware of the number of former distributors that would be eligible for reinstatement under these nebulous terms.  For instance, the number of open and available territories, as well as the number of independent distributors that voluntarily terminated their agreements in good faith, are outside of the court's knowledge.

Under the second option, former distributors who elect not to attend the marketing seminars or request reappointment will receive a payment from McKee in the amount of $250.  Of the purported benefits listed above, this type of payment clearly is the most beneficial to the class.

Despite these concerns, for the purposes of preliminary approval, the court finds that the proposed settlement is "within

United States District Court

For the Northern District of California

the range of possible approval." Schwartz, 157 F Supp 2d at 570 n12 (quoting Manual for Complex Litigation, Second § 30.44 (1985)). While the purported benefits to the class are not obvious from the language of the proposed settlement, the absence of objections may indicate that the case credits and seminars are in fact valuable to class members.  Therefore, in determining whether the settlement merits final approval, the court will consider seriously the number and type of objections and requests for exclusion.

III

The court next considers the form of notice.  Class members are entitled to the "best notice that is practicable under the circumstances."  FRCP 23(c)(2)(B).  The parties propose the following notice plan: (1) McKee will mail notice along with a claim form and request for exclusion to the last known address of each class member as such appears in McKee's records; (2) if any mailing addressed to a current distributor is returned as undeliverable, a McKee representative will attempt to deliver the mailing to the current distributor by hand; (3) if any mailing addressed to a former distributor is returned as undeliverable, McKee will use the former distributor's social security number and last known address and last known telephone number in an effort to locate the former distributor and will send an additional notice, claim form and request for exclusion to any address so determined; and (4) if any original or subsequent mailing to a class member is not returned as undeliverable within thirty (30) days of the mailing, it will be presumed that the class member received the mailing.  Doc #93 at 18-19 (emphasis added).  Because the proposed

United States District Court

For the Northern District of California

notice provides for detailed methods of contacting both former and current distributors in the event that the original mailings are returned as undeliverable, the court finds that such notice is appropriate in this case.

Further, the court finds the content of the proposed notice to be appropriate.  The notice outlines: the background of the case; a summary of the settlement and of settlement negotiations; what current and former distributors will receive as result of the settlement; how to opt out, object or otherwise comment on the settlement; attorneys fees; who to contact for additional information; and a paragraph outlining the review and approval process the court will implement to determine whether the settlement warrants approval.  Doc # 94 Exh B; letter provided by joint counsel on September 29, 2009 at 14.  As a consequence, the proposed form of notice provides class members with information on which to base their decision to remain in the class, opt out or object to the settlement.  Accordingly, the court APPROVES the proposed form of notice, as to both form and content.

IV

In sum, the court GRANTS the parties' motion for preliminary approval of the proposed settlement and APPROVES the forms and manner of notice described in the revised proposed settlement agreement and forms of notice.

//
//
//
//

7

Additionally, the court ORDERS the following schedule for further proceedings:

| Date | Event |
|------|-------|
| On or before October 28, 2009 | Send Notice |
| December 30, 2009 | Deadline to postmark objections or opt out |
| January 6, 2010 | Deadline for filing briefing in support of final approval of settlement |
| January 14, 2010 | Hearing on final approval of settlement |

At the final approval hearing on January 14, 2010, at 10:00 AM, the court will determine: (1) whether the proposed settlement agreement and forms of notice should be approved as fair, reasonable and adequate; (2) the merits of objections, if any, made to the settlement or any of its terms; (3) the amount of litigation costs, expenses and attorney fees, if any, that should be awarded to class counsel; and (4) any other matter related to the settlement.

IT IS SO ORDERED.

_____

VAUGHN R WALKER

United States District Chief Judge

United States District Court
For the Northern District of California