1   Edward S. Zusman (SBN 154366)
    Kevin K. Eng (SBN 209036)
2   MARKUN ZUSMAN & COMPTON, LLP
    465 California Street, Suite 500
3   San Francisco, CA 94104
    Telephone: (415) 438-4515
4   Facsimile: (415) 434-4505

5   Attorneys for Plaintiffs

6

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  BRIANT CHUN-HOON and CARLO            Case No. C05-00620 VRW
    GUGLIELMINO,
12                                        **NOTICE OF MOTION AND MOTION**
                        Plaintiffs,       **FOR ATTORNEY'S FEES AND COSTS**
13
    v.
14
    MCKEE FOODS CORPORATION, a            Date:   March 11, 2010
15  Tennessee corporation; and DOES 1 though   Time:   10:30 a.m.
    100, inclusive,                               Courtroom 6, 17th Floor
16                                                 Hon. Vaughn R. Walker
                        Defendants.
17

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

---

**PLAINTIFFS' MOTION FOR ATTORNEY'S FEES & COSTS – C05-00620 VRW**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................ 1

    A.      The Settlement ........................................................................................ 2

    B.      The Fee is Fair and Reasonable Under All Applicable Standards ........................... 3

II.     ARGUMENT AND ANALYSIS ........................................................................... 3

    A.      The Determination of Fees is Within the Sound Discretion of the District Court ... 3

    B.      The Negotiated Fee is Reasonable and Should Be Approved ................................ 3

        1.      The Process of Negotiating the Fee Adequately Protected the Class .......... 3

        2.      The Amount Of the Fee Requested Is Reasonable ...................................... 4

    C.      The Class Tacitly Supports the Settlement and Fee Award .................................. 7

    D.      The Requested Cost Reimbursement is Appropriate ................................................. 7

    E.      Incentive Payments to Class Representatives Negotiated as Part of the
        Settlement are Appropriate ............................................................................... 7

III.    CONCLUSION .......................................................................................................... 8

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Cook v. Niedert,*
  142.F.3d 1004 (7th Cir. 1998) .................................................................. 8

*Evans v. Jeff D.,*
  475 U.S. 717, 106 S. Ct. 1531, 89 L. Ed. 2d 747 (1986) ................................... 3

*Gates v. Deukmejian,*
  987 F.2d 1392 (9th Cir. 1992) .................................................................. 6

*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011 (9th Cir. 1998) .................................................................. 4

*In re Manufacturers Life Ins. Co. Premium Litig.,*
  No. 1109, 96-CV-230 BTM(AJB), 1998 WL 1993385 (S.D. Cal. Dec. 21, 1998) ............ 4

*In re Media Vision Technology Securities Litigation,*
  913 F. Supp. 1362 (N.D.Cal. 1996) ........................................................... 7

*Jordan v. Multnomah County,*
  815 F.2d 1258 (9th Cir. 1987) .................................................................. 5

*Lake v. First Nationwide Bank,*
  900 F. Supp. 726 (E.D. Pa. 1995) ............................................................. 6

*Miller v. Los Angeles County Bd. Of Educ.,*
  827 F.2d 617 (9th Cir. 1987) ................................................................... 4

*Rawlings v. Prudential Bache Properties, Inc.,*
  9 F.3d 513 (6th Cir. 1993) ...................................................................... 4

*Spark v. MBNA Corp.,*
  289 F. Supp. 2d 510 (D. Del. 2003) ........................................................... 7

*Staton v. Boeing Co.,*
  327 F.3d 938 (9th Cir. 2003) ............................................................ 3, 4, 7, 8

*Vincent v. Brand,*
  557 F.2d 759 (9th Cir. 1977) ................................................................... 7

*Vizcaino v. Microsoft Corp.,*
  290 F.3d 1043 (9th Cir. 2002) .................................................................. 6

*Zucker v. Occidental Petroluem Corp.,*
  192 F.3d 1323 (9th Cir. 1999) .................................................................. 3

# OTHER AUTHORITIES

THEODORE EISENBERG AND GEOFFREY MILLER, ATTORNEYS FEES IN CLASS ACTION
SETTLEMENTS:  AN EMPIRICAL STUDY (NYU CENTER FOR LAW AND BUSINESS)............... 3

# TREATISES

ALBA CONTE, ATTORNEY FEE AWARDS (3d ed.) App. M, at 619 (2004).......................................... 3

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.7 (2005) ......................................................... 4

PLAINTIFFS' MOTION FOR ATTORNEY'S FEES & COSTS – C05-00620 VRW

TO THE ABOVE-ENTITLED COURT, AND TO ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that Class Counsel and Class Representatives Briant Chun-Hoon and Carlo Guglielmino, on Thursday, March 11, 2010, at 10:30 a.m., in Courtroom 6, 17th Floor, will move, and hereby do move, for an order awarding them their reasonable attorney's fees and costs, and class representative incentive payments consistent with the terms of the class action settlement negotiated by the parties and preliminarily approved by the court.  Plaintiffs' motion is based on this notice and motion, the accompanying points and authorities, the declaration of Edward S. Zusman offered in support, and such other matters of which the Court may take notice.

## I.    INTRODUCTION

Class Counsel seek an award of attorneys' fees in the amount of $255,000, costs of $34,156.07 and incentive payments to each class representative in the amount of $5,000, consistent with the class action settlement, which is now before the Court on a joint motion for final approval (the "Settlement").  Under the terms of the Settlement the amounts requested in fees and costs are separate from any benefits received by the Class and are being paid by defendant McKee Foods, Inc.  There are many factors militating in favor of approving the requested fees, costs and incentive payments, including:

1.    There were no objections to the settlement or the fees by class members;

2.    The class confers significant benefits on class members, a large measure of which is difficult to quantify;

3.    The fees, costs and service payments were the result of arms length negotiations under the auspices of an experienced mediator, the Honorable Eugene Lynch, Ret;

4.    The requested fees represent less than 50% of Class Counsel's lodestar, so it by no means represents a windfall to Class Counsel, who have been diligently representing the class in this case since 2004; and

5.    The rates used to determine the lodestar are appropriate for the experience, type and quality of the legal services provided to the class and the work performed was necessary and appropriate for the representation.

1

1    (*See* Declaration of Edward S. Zusman in Support of Motion for final Approval ("Zusman Final

2    Approval Dec."), ¶¶ 9, 10, Exhibit B.)

3         Similarly, the costs requested are the actual costs incurred by Class Counsel, all of which

4    were necessary to the prosecution of the case, and the requested incentive payments meet all

5    applicable standards.  (*Id.*)

6

7         **A.    The Settlement**

8         As set forth in the Joint Motion for Final Approval, and as preliminarily approved by the

9    Court, the Settlement contains various components, each of which provides a different type of

10   value to the class.  The Settlement is described in detail in the parties' Joint Motion for

11   Preliminary Approval and Joint Motion for Final Approval, which are incorporated by reference.

12   To summarize, however, the settlement provides Class Members a confirmation of independence,

13   which amounts to a distributors' Bill of Rights.  As to each item of the confirmation of

14   independence, current and future McKee distributors will be able to hold McKee accountable.

15   And the distributors' Bill of Rights addresses many of the issues that were at the genesis of this

16   case.  This will be a powerful tool for distributors to use in their future dealings with McKee.

17        Secondly, the Settlement offers monetary relief.  Each of the Class Members is entitled to

18   a $250.00 cash payment or a $250.00 credit for goods.  As discussed in the Declaration of Willard

19   Bishop, offered in support of final approval, the benefit of the case credit is magnified when it is

20   used to promote a distributor's business.

21        Thirdly, the settlement couples the case credit with the opportunity to attend one of two

22   marketing seminars designed by Mr. Bishop for McKee and the Class to increase the distributors'

23   sales and productivity.  Mr. Bishop opines that properly used, the case credit and training can

24   offer a significant monetary benefit – he estimates $3,000 per distributor in the first year due to

25   increased sales.

26        Lastly, the settlement achieves these objectives for the class without deducting any benefit

27   from them for attorney fees, costs or incentive payments, which were negotiated and which will

28   be paid separately from any benefits received by Class Members.

2

**PLAINTIFFS' MOTION FOR ATTORNEY'S FEES & COSTS – C05-00620 VRW**

1

### B.     The Fee is Fair and Reasonable Under All Applicable Standards

2       The fee of $255,000 requested by Class Counsel falls well within the range of attorneys'

3 fee awards that courts have approved in similar class actions and likely is on the low side of such

4 awards.  *See* THEODORE EISENBERG AND GEOFFREY MILLER, ATTORNEYS FEES IN CLASS ACTION

5 SETTLEMENTS:  AN EMPIRICAL STUDY (NYU CENTER FOR LAW AND BUSINESS); ALBA CONTE,

6 ATTORNEY FEE AWARDS (3d ed.) App. M, at 619 (2004).   Considering the totality of the

7 circumstances in this case, the negotiated fee of $255,000 meets the standards established by the

8 Ninth Circuit for fair and reasonable fees in similar cases.

9

10 ## II.     ARGUMENT AND ANALYSIS

11      ### A.     The Determination of Fees is Within the Sound Discretion of the District
         Court

12

13      A district court has both the authority and the duty to determine the fairness of attorneys'

14 fees in a class action settlement.  *Zucker v. Occidental Petroluem Corp.*, 192 F.3d 1323 (9th Cir.

15 1999).  The amount of fees to be awarded rests in the court's sound discretion.  *Evans v. Jeff D.*,

16 475 U.S. 717, 736 n. 26, 106 S. Ct. 1531, 89 L. Ed. 2d 747 (1986).  In exercising this discretion,

17 courts have identified a number of relevant factors, including the process by which the fee was

18 negotiated, the amount relative to class benefits, and the amount and caliber of work performed

19 by Class Counsel.

20

21      ### B.     The Negotiated Fee is Reasonable and Should Be Approved

22           #### 1.     The Process of Negotiating the Fee Adequately Protected the Class

23      In *Staton v. Boeing Co.,* 327 F.3d 938 (9th Cir. 2003)*,* the Ninth Circuit made clear that the

24 court's first concern in reviewing a proposed fee is to ensure the process of negotiation leading to

25 the fee has "adequately protected the class from the possibility that class counsel were accepting

26 an excessive fee at the expense of the class."  327 F.3d at 972.

27      The court stated, "the parties have flexibility in negotiating class action settlement

28 agreements, including the attorneys' fees provisions. . . .  Any variants, to be reasonable, would

3

1   have to provide equivalent assurance that the inherent tensions among class representatives,

2   defendant's interests in minimizing the costs of the total settlement package, and class counsel's

3   interest are adequately policed by the court." *Id.* at 972, n. 22.

4        Although, as set forth above, the parties did not seek approval of the settlement prior to

5   negotiating the fee, the fee issue was separately negotiated, and final resolution of the class

6   benefit was not contingent upon the amount of the fee.  (Zusman Final Approval Dec. ¶ 8.)  Only

7   after the benefit to the class was determined, did counsel for both parties address the issue of

8   attorneys' fees and they agreed, with the aid of Judge Lynch, to negotiate a fee that would not in

9   any way diminish the monetary benefits obtained by the Class.  (Zusman Final Appoval Dec. ¶

10  8.)  The process of negotiations, therefore, as established in the declarations of counsel and the

11  involvement of Judge Lynch, proves that the settlement is free of conflicts of interest or collusion.

12  *Id.*; *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (approving district court's

13  consideration of mediator's approval of negotiated fee as independent confirmation of arm's

14  length negotiation); MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.7 (2005); *In re*

15  *Manufacturers Life Ins. Co. Premium Litig.*, No. 1109, 96-CV-230 BTM(AJB), 1998 WL

16  1993385, *6, *10 (S.D. Cal. Dec. 21, 1998).

17

18              **2.       The Amount Of the Fee Requested Is Reasonable**

19       Class Counsel is seeking fees based solely on their lodestar.   In fact they are seeking less

20  than half of their lodestar.  This case is one of those where a meaningful benefit is conferred on

21  the Class, but the non-monetary benefits are more significantly the focus of the settlement, so a

22  lodestar measure is appropriate.  *Rawlings v. Prudential Bache Properties, Inc*., 9 F.3d 513, 516

23  (6th Cir. 1993).  In fact, "[a] strong presumption exists that the lodestar figure is the reasonable

24  fee."  *Miller v. Los Angeles County Bd. Of Educ*., 827 F.2d 617, 621 (9th Cir. 1987).  It is also a

25  case where the attorney's fee was negotiated at arms length, which means that the defendant had

26  every incentive to ensure that the fee was not exorbitant.  To determine an appropriate lodestar

27  the court looks at the number of hours reasonably expended on the litigation and multiplies that

28  ///

                                     4

1    figure by a reasonable hourly rate.  *Jordan v. Multnomah County*, 815 F.2d 1258, 1261 (9th Cir.
2    1987).

3        Plaintiffs have submitted their invoices in support of this Motion setting out the number of
4    hours worked by attorneys and paralegals and their respective hourly rates.  (Zusman Final
5    Approval Dec. at ¶ 9, Exhibit A.)  They indicate that 1,145 hours of attorney time and 21.5 hours
6    of paralegal time were expended representing the class in this case.  (*Id.*) At counsel's hourly
7    rates, this lodestar totals $541,127.50.  (*Id.*, ¶¶ 8-9, Exhibit A.)

8        As indicated in the chart below, most of the work performed on the matter was by Kevin
9    K. Eng and Edward S. Zusman.  Mr. Zusman, has been in practice for 19 years and specializes in
10   complex litigation and class actions.  Mr. Eng, who has been practicing for 10 years, devotes his
11   entire practice to complex and class action litigation.

| Attorney | Experience | 2010 Billing Rate (per hour) | Total Hours | Total Lodestar |
|---|---|---|---|---|
| Jeffrey Compton | 21 years | $550.00 | 2.2 | $1,210.00 |
| Kevin Eng | 10 years | $450.00 | 903.1 | $405,395.00 |
| Legal Assistant (LA) | N/A | $125.00 | 0.5 | $62.50 |
| David Markun | 27 years | $550.00 | 46.7 | $25,685.00 |
| Legal Assistant (SF) | N/A | $125.00 | 21.0 | $2,625.00 |
| Edward Zusman | 19 years | $550.00 | 193.0 | $106,150.00 |
|  |  | Totals: | 1166.5 | $541,127.50 |

17       The details of Class Counsel's qualifications, as well as information about Markun
18   Zusman & Compton LLP are set forth in the Declaration of Edward S. Zusman in Support of
19   Preliminary Approval [Ct. Doc No. 96].

20       In another matter that settled in the middle of 2008 Class Counsel retained Gerald
21   Knapton, an attorney who specializes in reviewing and auditing attorney's fees.  He has opined
22   that the hourly rates set forth in these invoices, $550 for Mr. Zusman, Mr. Markun and Mr.
23   Compton, $450 for Mr. Eng and $125 for paralegals represent rates that were reasonable and
24   appropriate given counsel's experience and expertise in the greater Los Angeles area and the San
25   Francisco Bay Area (as of May 2008).  Mr. Knapton's opinion regarding the prevailing rates,
26   which is attached as Exhibit B to the Zusman Declaration in Support of Final Approval, is equally
27   applicable to this matter.
28   ///

5

Mr. Knapton employed various methodologies in developing his opinion.  The Laffey Matrix is one of the criteria Mr. Knapton used to determine whether Class Counsel's rates were appropriate.  Another was a comparison to firms doing work of similar complexity.  In Mr. Knapton's survey Class Counsel's rates were lower than any of the other surveyed firms doing similar work.  Mr. Knapton cross-checked his survey against the Laffey Matrix, which has been considered by this Court in connection with prior lodestar fee determinations, one of which is referenced and relied upon by Mr. Knapton in his Declaration at paragraph 31.  He found that the Laffey Matrix also supported the reasonableness of Class Counsels' fees.[1]  Mr. Knapton opined that the Laffey Matrix rates, which are geared toward the District of Columbia, need to be adjusted upward to compensate for higher local costs, (Knapton Dec at ¶ 30), and that the appropriate upward adjustment for the San Francisco market for attorneys is 108% and 112% for paralegals.  *Id.*  By a series of comparisons Mr. Knapton determined that Class Counsel's rates were reasonable, as of May 2008, and would be even moreso now, given the increase in rates in the Laffey Matrix.  *See supra*, n. 2.  Class counsel has not adjusted its rates since 2008, but use of current rates to perform the lodestar calculation is appropriate to "compensate for delay in receipt of payment".  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1406 (9th Cir. 1992)).

This case, which commenced in 2004, posed complex jurisdictional, factual and substantive legal issues arising in a fluid area of the wage and hour law.  The work on the case included many motions, considerable written discovery and depositions, including numerous depositions, including experts; two matters before the Ninth Circuit Court of Appeals; class certification and reconsideration of the court's order granting class certification, ENE and mediation and finally the presentation of the settlement to the Court and the Class.  Class Counsel conducted each of these matters thoroughly and efficiently.  These factors support an award of fees.  *See Lake v. First Nationwide Bank*, 900 F. Supp. 726, 734 (E.D. Pa. 1995) ("The lodestar method may also be appropriate where 'the nature of the settlement evades the precise evaluation needed for the percentage of recovery method.'"); *Spark v. MBNA Corp.*, 289 F. Supp. 2d 510,

---

[1] The current Laffey Matrix rates have been increased by about $20 per hour for each category of attorney. http://www.justice.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_8.htmlMr.

514 & n.8 (D. Del. 2003) (finding lodestar appropriate where plaintiffs' counsel assumed risk of defending case on appeal against decertification of class).

### C.    The Class Tacitly Supports the Settlement and Fee Award

Finally, Class Counsel notified the class of the amount of fee that they would be seeking in the Class Notice.  There were no objections.  Moreover, not one Class Member contacted Class Counsel to complain about, comment upon or to seek information about how to object to the settlement or the fee.  In fact, the opposite was true.  All calls and emails directed to class counsel by class members were to find out how to obtain the benefits of the settlement.  (Zusman Final Approval Dec., ¶ 6.)

### D.    The Requested Cost Reimbursement is Appropriate

Class Counsel are also entitled to reimbursement of their reasonable out-of-pocket expenses incurred in prosecution of the class's claims.  *Vincent v. Brand*, 557 F.2d 759, 769 (9th Cir. 1977).  They are requesting payment of $34,156.07.  (Zusman Final Approval Dec., ¶12, Exhibit A.)   The expenses include photocopying and document management charges, expert fees, deposition costs, filing fees, mediator charges, and travel related to the litigation.  Costs associated with office overhead items are excluded.  The standard of reasonableness in the awarding of costs is subject to a liberal interpretation.  *In re Media Vision Technology Securities Litigation*, 913 F. Supp. 1362, 1368 (N.D.Cal. 1996).  Accordingly, Plaintiff requests approval of costs in the amount of $34,156.07, which is less than the amount agreed upon by McKee.

### E.    Incentive Payments to Class Representatives Negotiated as Part of the Settlement are Appropriate

In conjunction with the negotiation of attorney's fees, McKee agreed to make incentive or service payments to Mr. Chun-Hoon and Mr. Guglielmino in the amount of $5,000 each.  In the Ninth Circuit, named plaintiffs are eligible for reasonable incentive payments.  *Staton,* 327 F.3d at 977.  In determining the propriety of an incentive payment "The district court must evaluate

7

their awards individually, using 'relevant factors including[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, …[and] the amount of time and effort the plaintiff expended in pursing the litigation." *Id.* (citing *Cook v. Niedert*, 142.F.3d 1004, 1016 (7th Cir. 1998)).  Applying this standard, these payments are reasonable.  Mr. Chun-Hoon and Mr. Guglielmino made a significant contribution to the prosecution of this matter.  They carefully reviewed the complaint and were in regular contact with Class Counsel, keeping apprized of developments and offering insight and information as needed.  They provided many thousands of pages of their personal and business records for review by McKee in discovery and were deposed.  They participated in the ENE and the mediation in this case and took the time necessary to prepare for and understand everything that they were obligated to do as Class Representatives.  They, moreover, took their obligations as representatives of a class very seriously, reviewing pleadings and documents considering the class's interests in addition to their own.  (Zusman Final Approval Dec., ¶ 10.)  These are qualities that warrant recognition consistent with *Staton*.  The modest incentive payments negotiated as part of the settlement only partly compensate Mr. Chun-Hoon and Mr. Guglielmino for their commitment of time and effort to the prosecution of this case.

## III.   CONCLUSION

This was a difficult case, the prosecution of which was laden with risks and uncertainties, which spanned approximately six years and included one appeal and one Rule 23(f) application.  The Settlement achieves many of the key benefits of the litigation in the form of the Confirmations of Independence, and offers additional benefits to the Class in a novel "win-win" situation where both class members and McKee can benefit from increased distributor productivity.  This package of benefits could not have been achieved but for the settlement.  The litigation, moreover, was undertaken in an environment where the law is fluid and evolving, and which also posed a substantial risk to Class Counsel, who prosecuted this matter diligently since 2004.  Based on all of the factors set out in this Motion and the accompanying declaration, Class

///

8

1    Counsel requests that it be awarded $255,000 in fees and $34,156.07 and that the class

2    representatives each be awarded a $5,000 incentive payment.

3

4    DATED: February 25, 2010               Respectfully submitted,

5                                     MARKUN ZUSMAN & COMPTON LLP

6

7                                     By:   /s/ Kevin K. Eng

8                                         Edward S. Zusman
                                         Kevin K. Eng
                                         Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9