| | |
|---|---|
| 1 | EDWARD S. ZUSMAN, CA Bar No. 154366 |
| | KEVIN K. ENG, CA Bar No. 209036 |
| 2 | MARKUN, ZUSMAN & COMPTON LLP |
| | 465 California Street, Suite 500 |
| 3 | San Francisco, California 94104 |
| | Telephone:      (415) 438-4515 |
| 4 | Facsimile:      (415) 434-4505 |

1  EDWARD S. ZUSMAN, CA Bar No. 154366
   KEVIN K. ENG, CA Bar No. 209036
2  MARKUN, ZUSMAN & COMPTON LLP
   465 California Street, Suite 500
3  San Francisco, California 94104
   Telephone:      (415) 438-4515
4  Facsimile:      (415) 434-4505

5  Attorneys for Plaintiffs
   BRIANT CHUN-HOON &
6  CARLO GUGLIELMINO

7
   WILLIAM H. PICKERING, Tenn. Bar No. 6883
8  ANTHONY A. JACKSON, Tenn. Bar No. 14364
   (Both Admitted Pro Hac Vice)
9  CHAMBLISS, BAHNER & STOPHEL, P.C.
   1000 Tallan Building
10 Two Union Square
   Chattanooga, Tennessee  37402
11 Telephone:      (423) 756-3000
   Facsimile:      (423) 265-9574
12
   Attorneys for Defendant
13 MCKEE FOODS CORPORATION

R. BRIAN DIXON, CA Bar No. 76247
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, California  94108-2693
Telephone:      (415) 433-1940
Facsimile:      (415) 399-8447

Attorneys for Defendant
MCKEE FOODS CORPORATION

ALAN H. SILBERMAN
SONNENSCHEIN NATH & ROSENTHAL LLP
(Admitted Pro Hac Vice)
7800 Sears Tower, 233 South Wacker Drive
Chicago, Illinois 60606-6404
Telephone:      (312) 876-8000
Facsimile:      (312) 876-7934

Attorneys for Defendant
MCKEE FOODS CORPORATION

14

15

16                        UNITED STATES DISTRICT COURT

17                       NORTHERN DISTRICT OF CALIFORNIA

18

19 BRIANT CHUN-HOON and CARLO            Case No. C05-00620 VRW
   GUGLIELMINO,
20
                    Plaintiffs,          **[PROPOSED] ORDER GRANTING FINAL**
21                                        **APPROVAL OF CLASS ACTION**
          v.                              **SETTLEMENT**
22
   MCKEE FOODS CORPORATION, a
23 Tennessee corporation; and DOES 1 through
   100, inclusive,                       Date:      March 11, 2010
24                                        Time:      10:00 a.m.
                    Defendants.          Courtroom 6, 17th Floor
25
26                                        Hon. Vaughn R. Walker

27

28

On March 11, 2010, the Court held a hearing on the parties' Joint Motion for Final Approval of Class Action Settlement (Doc # 103) and Plaintiffs' Motion for Attorneys' Fees and Costs (Doc # 106). The parties' proposed settlement (the "Settlement") is set forth in their Joint Stipulation of Settlement and Release (Doc # 94) and in the Settlement Agreement attached thereto as Exhibit A (the "Settlement Agreement"). By Order entered on October 15, 2009 (the "Preliminary Approval Order") (Doc # 100), the Court granted preliminary approval of the proposed Settlement and also approved the form and manner of notice proposed by the parties. In accordance with the Preliminary Approval Order, the Class Members have been given notice of the terms of the Settlement and the opportunity to comment on, object to, or exclude themselves from its provisions.

Having reviewed and considered the Settlement Agreement, the supporting papers filed by the parties, the positive response of the Class Members to the Notice, and the evidence and argument received by the Court at both the preliminary approval hearing on September 24, 2009, and the final approval hearing on March 11, 2010, the Court, by means of this Order (the "Final Approval Order"), grants final approval of the Settlement and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. Except as specified herein, all defined terms set forth in the Settlement Agreement are adopted by the Court for purposes of this Final Approval Order.

2. This Court has jurisdiction over the subject matter of this litigation and all related matters and all claims raised in this action and released in the Settlement Agreement. This Court also has personal jurisdiction over the parties and the Class Members.

3. McKee provided notice of the Settlement to the Class Members in accordance with the provisions of the Settlement Agreement and Preliminary Approval Order. McKee sent each Class Member a Notice of Class Action, Claim Form, and Exclusion Form via first-class mail and sent supplemental notices to Class Members whose initial mailings were returned as undeliverable. The Notice of Class Action, Claim Form, and Exclusion Form informed Class Members of the terms of the Settlement and of their rights to participate in the Settlement, to comment on or object to the Settlement, and to appear in person or by counsel at the final approval hearing. These papers further informed Class Members of their right to exclude themselves from the Settlement and to pursue their

[PROPOSED] Order Granting Final
Approval of Class Action Settlement          2          Case No. C-05-00620 VRW

own remedies and of the fact that Class Members who did not submit timely exclusion forms would be bound by the terms of the Settlement.  The notice period approved by the Court and the procedures which were followed provided sufficient time for Class Members to exercise their rights.

4.     A total of 329 class notices were mailed by McKee.  No Class Member has objected to the Settlement or stated his or her intent to appear at the final approval hearing.  A total of 132 claim forms were received, and only 16 Class Members elected to exclude themselves from the Settlement.

5.     This Court finds that the notice procedure described above afforded adequate protections to the Class Members and provides a basis for the Court to make an informed decision regarding approval of the Settlement based on the positive response of the Class Members.  The Court finds that the notice provided in this case was the best notice practicable under Federal Rule of Civil Procedure 23 and satisfied the requirements of law and due process.

6.     Pursuant to the Settlement Agreement and the Court's June 6, 2006, Order Provisionally Certifying a Damages Class Under Rule 23(b)(3) (Doc # 59), the Class is defined as "all independent distributors of McKee products in California who signed written Distributorship Agreements with McKee after December 31, 2000."  The provisionally certified Class is approved for purposes of the settlement of this action pursuant to Federal Rule of Civil Procedure 23.

7.     The Court confirms as final the appointment of Plaintiffs Briant Chun-Hoon and Carlo Guglielmino as the Class Representatives under Federal Rule of Civil Procedure 23.

8.     The Court confirms as final the appointment of Markun, Zusman & Compton, LLP, as Class Counsel.

9.     The Court hereby approves the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable, adequate and in the best interest of the Class.  In making this determination, the Court has given due consideration to the factors which are to be considered in determining whether final approval of a class action settlement should be granted, as set forth in Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998).  Those factors include but are not limited to the risk, expense, complexity and likely duration of further litigation; the risk of maintaining class action status throughout the proceedings; the consideration offered in

settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; and the reaction of the Class Members to the proposed Settlement.  Id.  These factors, as applied to the instant case, support the Court's decision to grant final approval of the Settlement.  Among other things, there is significant risk that Plaintiffs would be unsuccessful in their claims against McKee and, in particular, in establishing that the distributors of McKee products are employees and not independent contractors.  The risk of decertification is present in this case.  The Settlement is beneficial to the class and provides fair and adequate consideration, particularly in light of the risks associated with the continued prosecution of the case.  The case was settled following significant discovery and investigation of Plaintiffs' claims and McKee's defenses.  The Settlement was the result of extensive arms-length negotiations and was achieved with the aid of an experienced mediator.  Plaintiffs' attorneys are experienced class action litigators, strongly support the Settlement, and have expressed the view that the Settlement is fair, reasonable and adequate.  No objections to the Settlement have been filed, and only 16 Class Members have chosen to exclude themselves from the Settlement.

10.     McKee has advised the Court that nine (9) individuals or business entities were appointed as distributors of McKee products subsequent to the mailing of the class notices and related documents on October 28, 2009.  Any provision of the Settlement Agreement and/or this Final Approval Order notwithstanding, the Court finds that distributors appointed after the mailing of the class notices shall not be considered part of the Class and shall not be bound by the Settlement.

11.     The Court has carefully reviewed and considered the Motion for Attorney's Fees and Costs filed by Class Counsel, Markun, Zusman & Compton, LLP.  The Court finds and determines that said Motion is well taken and properly supported and should be granted.  Specifically, the Court finds that the proposed service payments to the Plaintiffs/Class Representatives, Briant Chun-Hoon and Carlo Guglielmino, in the amount of $5,000.00 each are fair and reasonable.  The Court finds that the payment of attorneys' fees in the amount of $255,000.00 and the reimbursement of expenses in the amount of $34,156.07 to Class Counsel are fair and reasonable.  Accordingly, the Court hereby gives final approval to and orders the payment of the aforesaid service payments to the

1    Plaintiffs/Class Representatives and the attorneys' fees and expenses of Class Counsel.

2         12.    The releases and covenants not to sue by the Class Representatives and Class

3    Members, as set forth in Sections 16 and 18 of the Settlement Agreement, are approved by the Court

4    and are hereby incorporated by reference and made a part of this Final Approval Order as though

5    fully set forth herein.  As more specifically set forth in the Settlement Agreement, by operation of

6    this Final Approval Order, all Class Members, jointly and severally, with the sole exception of class

7    members who have submitted timely exclusion forms, fully release and forever discharge McKee

8    from any and all claims, demands or liability of the types which were asserted or which could have

9    been asserted in this lawsuit.  Further, by operation of this Final Approval Order, all Class Members,

10   with the sole exception of those who have submitted timely exclusion forms, are deemed to have

11   agreed not to sue or bring any judicial or administrative action against McKee with respect to the

12   claims that the Class Members have released, and it is specifically ordered that those Class Members

13   are enjoined and barred from bringing, asserting or pursuing any such claims.

14        13.    The Court grants final approval to the Settlement Agreement and orders the parties to

15   implement and comply with its terms.

16        14.    Without affecting the finality of the Court's judgment in any way, the Court retains

17   jurisdiction over this matter for the limited purpose of ensuring and enforcing compliance with the

18   terms of the Settlement Agreement.  Nothing in this Final Approval Order will preclude any action

19   to enforce the parties' obligations under the Settlement Agreement or this Order.

20        15.    This action is hereby dismissed with prejudice, with each side to bear its own costs

21   and attorneys' fees, except as provided by the Settlement Agreement and this Final Approval Order.

22        16.    This Final Approval Order is intended to constitute and will constitute final judgment

23   in this action pursuant to Federal Rule of Civil Procedure 58.

24        IT IS SO ORDERED.

25

26                                     _____
                                       VAUGHN R. WALKER
27                                     United States District Chief Judge

28

---

[PROPOSED] Order Granting Final
Approval of Class Action Settlement            5                        Case No. C-05-00620 VRW